UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EARL NELSON,

        Plaintiff,

v.                                                                                      Case No. 18-C-183

ARTHUR OKORO,

        Defendant.

## ORDER

        Plaintiff Earl Nelson, an inmate at Dodge Correctional Institution who is representing himself, filed this action under 42 U.S.C. § 1983, alleging that Defendant Arthur Okoro violated his constitutional rights by coercing him to clean another inmates human waste in the shower while he was incarcerated at the Milwaukee House of Correction. This matter comes before the court on a letter by Nelson requesting clarification regarding the proper method for obtaining contact information for two correctional officers through discovery and clarification regarding whether he must consent to the release of his medical records to Okoro. ECF No. 29. Previously, the court entered an order denying his request for assistance with the discovery process, noting that he must follow normal discovery procedures in order to obtain contact information for alleged witnesses from Okoro's counsel. ECF No. 26.

        The court will construe Nelson's new letter as a motion for miscellaneous relief. Okoro's counsel has filed a letter in response. ECF No. 30. Addressing Nelson's question regarding his medical records, Okoro's counsel acknowledges Nelson's statements in his letter that he did not receive any medical treatment, counseling, or therapy for his alleged injuries. Based on those

admission by Nelson, Okoro's counsel states that he does not need Nelson to sign an authorization for release of medical records. In light of Okoro's counsel's retraction of the request for access to Nelson's medical records, Nelson's request for guidance on that topic will be denied as moot because his admissions eliminate Okoro's reasons for seeking that information.

As for Nelson's desire to obtain contact information for the two correctional officer witnesses, he states that he attempted to contact Okoro's counsel to obtain the information but that his request was denied. Attached to Nelson's letter is a copy of a letter addressed to him by Okoro's counsel explaining that he was returning to Nelson Requests for Admissions directed to the two officers because Federal Rule of Civil Procedure 36(a) limits requests for admissions to parties themselves, rather than witnesses. ECF No. 29-1. In the responsive letter filed on the docket, Okoro's counsel indicates that he has received no interrogatories directed to Okoro requesting contact information for the correctional officer witnesses. ECF No. 30.

Nelson's request for relief will therefore be denied because he has not yet sent Okoro's counsel an interrogatory directed to Okoro asking for contact information for these two witnesses. The court notes that, even if Nelson ultimately obtains contact information for those two correctional officers who are allegedly witnesses, he may not send them requests for admissions for the reasons already noted by Okoro's counsel. Furthermore, if he desires to conduct depositions of these two correctional officers, he will be required to give notice to the individuals he seeks to depose and must arrange for an oath-administering officer and stenographer to be present at the deposition and pay for their services. *See* Fed. R. Civ. P. 30(a)(1). In addition, as the party noticing the deposition, Nelson would be responsible for *all* costs associated with holding the deposition. Fed. R. Civ. P.

30(b)(3)(A). The court is not authorized to waive these costs, even for individuals proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

**IT IS THEREFORE ORDERED** that Nelson's requests for clarification regarding discovery and access to his medical records (ECF No. 29) are both **DENIED**.

Dated this 31st day of July, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court